IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| RONALD J. HAMILTON, JR. | * | |
| ADC #133523 | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 5:13CV00230-SWW-JJV |
| | * | |
| RICKY OWENS; et al. | * | |
| | * | |
| Defendants. | * | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Ronald J. Hamilton, Jr. ("Plaintiff") is an inmate of the Arkansas Department of Correction ("ADC"). On August 25, 2013, he brought this action *pro se* pursuant to 42 U.S.C. § 1983, alleging that Defendants used excessive force during a May 28, 2013, altercation (Doc. No. 2). Defendants filed a Motion for Summary Judgment seeking dismissal of all claims against them (Doc. No. 51). Plaintiff responded (Doc. No. 58) so the Motion is ripe for disposition. After careful review of the Motion and Response, the Court concludes that summary judgment is appropriate and recommends that this matter be DISMISSED for the following reasons.

### II. UNDISPUTED FACTS

While being moved from his cell to the "yard" for a period of exercise, a verbal dispute arose between Mr. Hamilton and guards (Doc. No. 2 at 4). As the dispute escalated, guards began to escort Mr. Hamilton back to his cell (*Id.*). Hamilton was shackled and cuffed, but managed to "head butt" Defendant Owens in the back of the head (*Id.* and Doc. No. 10 ¶¶ 6(c)-(e)). Plaintiff says that insults led him to assault Owens and after the assault, guards threw him to the floor and kicked him in the

face and hit his mouth and head (Doc. No. 2 at 4). After being subdued, he was picked up by the arms and his feet were unable to touch the ground (*Id.*). Although the parties do not generally dispute these events, Defendants claim they used only the force necessary to restrain Plaintiff until another officer arrived (Doc. No. 10 ¶ 6(d)).

### III. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the Court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### IV. ANALYSIS

Defendants advance several arguments as to why Plaintiff's claims against them should be dismissed. They state that (1) Plaintiff's official capacity claims for money damages are barred by

sovereign immunity; (2) Defendants used only the force necessary to restrain Plaintiff during the altercation; and (3) qualified immunity bars Plaintiff's individual capacity claims against Defendants (Doc. No. 52).

### A. Sovereign Immunity

The Court agrees that Plaintiff's claims for damages against Defendants in their official capacities are barred by sovereign immunity. The Supreme Court stated, "Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Department of State Police,* 491 U.S. 58, 71 (1989) (citations omitted). Each of these Defendants is indisputably a state official and the official capacity claims against them should be dismissed.

### B. Excessive Force

Where force is utilized by prison officials to resolve an altercation, the Court examines "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Sheldon v. Pezley*, 49 F.3d 1312, 1315 (8th Cir. 1995). To elaborate, the infliction of pain in the course of a prison security measure is not cruel and unusual punishment "simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." *Whitley v. Albers,* 475 U.S. 312, 319 (1986). "Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain . . . the case should not go to the jury." *Johnson v. Bi-State Justice Center/Arkansas Dept. of Corrections*, 12 F.3d 133, 136 (8th Cir. 1993) (citing *Whitley*, 475 U.S. at 322).

Here, Plaintiff *caused* the use of force when he assaulted Defendant Owens. Plaintiff admits

he first struck Defendant Owens prior to any use of physical force by Defendants. (Doc. No. 2 at 4). While he alleges the assault was precipitated by Owens's verbal abuse, this cannot justify attacking a guard and cannot lead to a claim of excessive force when guards took action, by force, to subdue Plaintiff.

The affidavit of Defendant Owens states that "officers immediately used physical force and took the inmate to the ground to subdue, restrain and bring the inmate under control..." (Doc. No. 53-10 ¶ 6). Defendants submitted video evidence of the entire altercation to buttress Owens's affidavit. (Doc. No. 57). The Court reviewed the video, and while the camera's position and poor video quality make it difficult to see all of the details, it is clear that force was used quickly and necessarily to diffuse the potentially violent situation. Force was used just over a minute - roughly from timestamp 8:14:31 to timestamp 8:15:37. (*Id*.) The Court also notes that, while serious injury is not required to claim excessive or malicious use of force, its absence further bolsters Defendants' argument.

Based on the foregoing, as well as Plaintiff's failure to provide any substantive evidence or arguments in his response (Doc. No. 58), the Court concludes that Defendants utilized only the force necessary to restrain Plaintiff and are therefore entitled to summary judgment on Plaintiff's claims of excessive or malicious use of force.

**C.    Qualified Immunity**

Qualified immunity protects officials who acted in an objectively reasonable manner and shields a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005).

5

Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[1] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009).

As stated above, Defendants are entitled to summary judgment on Plaintiff's constitutional claims that they used excessive or malicious force in his restraint. As Plaintiff's claims fail to establish the violation of any constitutional or statutory right, the Court concludes that Defendants are entitled to qualified immunity.

V.  **CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 51) be GRANTED.

2. The Complaint (Doc. No. 2) be dismissed with prejudice.

---

[1] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 27th day of June, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE